**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Benjamin LOPEZ–LOPEZ,**
**Defendant–Appellant.**

No. 07–50294.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2008.

Filed June 16, 2008.

Jill L. Burkhardt, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

John Owen Lanahan, Esq., Law Offices of John O. Lanahan, San Diego, CA, for Defendant–Appellant.

Before: FISHER and PAEZ, Circuit Judges, and ROBART, District Judge.[*]

MEMORANDUM [**]

Benjamin Lopez–Lopez ("Lopez–Lopez") appeals the district court's qualification of the prosecution's expert witness; its refusal to sua sponte hold an evidentiary hearing on whether to grant immunity to Juan Lopez–Lopez ("Juan"); and its reliance on the methamphetamine conspiracy as relevant conduct to enhance Lopez–

Lopez's sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in qualifying Officer Julian Villagomez ("Villagomez") as an expert in drug organizational structure. *See United States v. Hankey,* 203 F.3d 1160, 1166–70 (9th Cir.2000). Even if the district court erred in admitting Villagomez's expert testimony with respect to drug jargon, it was harmless because it is more probable than not that any erroneously admitted interpretations of coded terms did not affect the verdict. *See United States v. Hermanek,* 289 F.3d 1076, 1092–93, 1096–97 (9th Cir.2002).

Because Lopez–Lopez neither asked the prosecutor to grant use immunity to Juan nor asked the district court to force the government to do so we review for plain error. *See United States v. Mitchell,* 502 F.3d 931, 970 (9th Cir.2007), *cert. denied,* — U.S. —, 128 S.Ct. 2902, — L.Ed.2d — (2008). A *Lord/Westerdahl* hearing was not necessary because Lopez–Lopez failed to establish a prima facie showing on this record that the government distorted the judicial fact-finding process through prosecutorial misconduct. *See Williams v. Woodford,* 384 F.3d 567, 600 (9th Cir.2004); *United States v. Westerdahl,* 945 F.2d 1083, 1086 (9th Cir.1991). Even if the district court had erred, reversal is unnecessary because any potential error did not "seriously affect[ ] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Jordan,* 256 F.3d 922, 931 (9th Cir.2001) (internal quotation marks omitted).

We review de novo the district court's application of the standard of proof for sentencing enhancements. *See United*

---

[*] The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

States v. Mezas de Jesus, 217 F.3d 638, 642 (9th Cir.2000). We do not decide whether the *Valensia* factors indicate that the district court erred in applying a preponderance standard of proof to Lopez–Lopez's sentencing enhancements rather than the clear and convincing standard of proof, because even if the district court erred, the failure to apply the heightened burden of proof was harmless. Lopez–Lopez concedes that he participated in the methamphetamine conspiracy, and there is clear and convincing evidence that this conduct was relevant to the charged cocaine conspiracy. *See United States v. Hahn,* 960 F.2d 903, 910 (9th Cir.1992); U.S. SENTENCING GUIDELINES MANUAL § 1B1.3 (2006) (Commentary: Background for Subsection (a)) & § 2D 1.1 n. 12.

**AFFIRMED.**